IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **UNDER SEAL** |
| LUIS GUERRERA MALDONADO,<br> AKA Alex Soriano-Castellano | Case No. 1:25-MJ-208 |
| Defendant. | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Eric Gibbs, a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE"), being first duly sworn, hereby depose and state as follows:

1.      I am an investigative and law enforcement officer of the United States, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 8 of the United States Code.

2.      I am a Deportation Officer with ICE, based in Fairfax County, Virginia.  I have been employed with ICE in my present position for more than 19 years.  I have received specialized training and have conducted numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code.

3.      My duties as a Deportation Officer with ICE include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators.  I have received training in general law enforcement, including training in Title 8 of the United States Code.

4.      The facts and information contained in this Affidavit are based upon my training and experience, participation in investigations, personal knowledge and observations during the

1

course of this investigation, as well as the observations, training, and experience of other agents and law enforcement officers involved in this investigation.  All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, videos, and other evidence obtained during the course of this investigation.

5.      Because this Affidavit is being submitted for the limited purpose of obtaining a Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the Complaint and Arrest Warrant.

6.      I make this Affidavit in support of an application for a Criminal Complaint and Arrest Warrant for LUIS GUERRERA MALDONADO.  For the reasons set forth below, I submit that there is probable cause to believe that GUERRERA MALDONADO has committed a violation of 8 U.S.C. § 1326(a), (b)(2) (illegal reentry subsequent to an aggravated felony conviction).

**PROBABLE CAUSE**

7.      On or about December 1, 2024, local law enforcement stationed at Rosslyn Metro Station, in Arlington, Virginia, observed a person attempt to enter the metro without paying the required fare.  Law enforcement stopped this person, and the person provided his name as "Alex Soriano-Castellano."  Law enforcement ran a records check on this person and learned that a warrant was outstanding for him with the Arlington County authorities.  Law enforcement arrested this person and transported him to the Arlington County Adult Detention Center.

8.      The Arlington County Adult Detention Center is within the Eastern District of Virginia.

2

9.      The person with the name "Alex Soriano-Castellano" was fingerprinted when he was arrested in Arlington.  On or about December 2, 2024, ICE was notified that this person's fingerprints came back to a unique Federal Bureau of Investigation ("FBI") number associated with an alien, GUERRERA MALDONADO.

10.      GUERRERA MALDONADO's fingerprints were processed through ICE indices containing fingerprints records of known and previously deported aliens.  This system is integrated with the criminal records maintained by the FBI, commonly referred to as "Next Generation Identification."    Results of those queries showed positive matches to GUERRERA MALDONADO and his unique FBI number.

11.      ICE performed records checks and learned that GUERRERA MALDONADO is a native and citizen of Mexico, who was previously removed from the United States multiple times. Most recently, GUERRERA MALDONADO was removed from the United States, pursuant to an order of removal, on or about December 17, 2018 at or near Hidalgo, Texas.

12.      ICE ordered a comparison of the fingerprints obtained from GUERRERA MALDONADO at the time of his removal on December 17, 2018 with the fingerprints obtained during the arrest of "Alex Soriano-Castellano" on December 1, 2024.   This examination, conducted by Homeland Security Investigations ("HSI"), determined that the two sets of fingerprint impressions were made by the same individual.

13.      ICE also reviewed a booking photo from the arrest of "Alex Soriano-Castellano" on December 1, 2024 and compared it to a photo taken by ICE in November 2018 as part of GUERRERA MALDONADO's removal.  The photos appear to show the same person.

14.    ICE's further review also showed that the date of birth associated with "Alex Soriano-Castellano" in certain Arlington County law enforcement records is the same date of birth associated with GUERRERA MALDONADO in certain ICE removal records.

15.    A review of court and criminal history documents also showed that names such as "Alex Castellano" and "Alex Soriano" were known aliases for GUERRERA MALDONADO at times prior to his December 2018 removal from the United States.

16.    As stated above, GUERRERA MALDONADO has been removed multiple times from the United States.  He has also been convicted on two different occasions of federal immigration crimes.

a.    In May 1995, GUERRERA MALDONADO was ordered removed from the United States, following a hearing before an immigration judge.  He was removed from the United States pursuant to this order in November 1996.

b.    In 1999, GUERRERA MALDONADO was found to have re-entered the United States.  He was convicted, in February 2000, in the U.S. District Court for the District of Columbia of two counts of improper entry under 8 U.S.C. § 1325(a). GUERRERA MALDONADO was then removed from the United States again, in August 2001, pursuant to an order of removal.

c.    In September 2006, GUERRERA MALDONADO was found to have re-entered the United States again.  He was removed from the United States in October 2006, pursuant to an order of removal.

d.    In 2010, GUERRERA MALDONADO was found to have re-entered the United States again.  In July 2011, he was convicted in the U.S. District Court for the District of Columbia of illegal re-entry under 8 U.S.C. § 1326(a), (b)(2).

GUERRERA MALDONADO was then removed from the United States in December 2018, pursuant to an order of removal.

17.    At the time of his most recent removal in December 2018, GUERRERA MALDONADO was provided with a written warning stating that he was prohibited from entering, attempting to enter, or being in the United States at any time following his removal.

18.    GUERRERA MALDONADO has been convicted of multiple criminal offenses, including aggravated felonies, as that term is used in 8 U.S.C. § 1326(b)(2).

a.    In October 1992, GUERRERA MALDONADO was convicted in the District of Columbia Superior Court of theft in the second degree and of destruction of property.

b.    In February 1994, GUERRERA MALDONADO was convicted in D.C. Superior Court of theft in the first degree.  He was sentenced for this offense to a term of imprisonment between 30 months and 10 years.

c.    In September 2005, GUERRERA MALDONADO was convicted (under the name "Alex Soriano-Castellano") in Arlington Circuit Court of possession of cocaine.

d.    In September 2010, GUERRERA MALDONADO was convicted in D.C. Superior Court of attempted possession with the intent to distribute a controlled substance and unlawful possession of a pistol.  He was sentenced for these offenses to 12 months of imprisonment and 18 months of imprisonment, to run consecutively to each other.

19.    I have reviewed documents from GUERRERA MALDONADO's immigration file maintained by U.S. Citizenship and Immigration Services.  The documents I reviewed contained a previously executed immigration service Form I-205 "Warrant of Removal/Deportation" and

5

associated documents bearing GUERRERA MALDONADO's fingerprint and signature. The form showed that GUERRERA Maldonado was removed from the United States on December 17, 2018 at or near Hidalgo, Texas.

20.     Further, I have conducted a records check through immigration databases for GUERRERA MALDONADO. These checks showed that GUERRERA MALDONADO has not obtained permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his removal. The record checks also showed no evidence of any immigration benefit, document, or status that would allow GUERRERA MALDONADO to legally enter, be admitted, pass through, or reside in the United States.

21.     My review of GUERRERA MALDONADO's alien file has also shown that the file lacks evidence of an immigration application, benefit, document, or status that would allow GUERRERA MALDONADO to legally re-enter, be admitted, pass through, or reside in the United States. Further, the file lacks evidence that GUERRERA MALDONADO has filed or submitted an application, petition or obtained permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his removal. My review of GUERRERA MALDONADO's alien file shows that he did not have legal authorization to re-enter or remain in the United States after his removal.

6

**CONCLUSION**

22.   Based on the foregoing, I submit there is probable cause to believe that on or about December 2, 2024, in Arlington County, Virginia, within the Eastern District of Virginia, LUIS GUERRERA MALDONADO, an alien who was removed from the United States on or about December 17, 2018 at or near Hidalgo, Texas, subsequent to a conviction of an aggravated felony, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a), (b)(2).

Respectfully submitted,

Digitally signed by ERIC E GIBBS
Date: 2025.03.31 18:34:59 -04'00'

Eric Gibbs
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to me by telephone in accordance with Fed. R. Crim. P. 4.1 on April __2__, 2025

The Honorable William B. Porter
United States Magistrate Judge
Alexandria, Virginia

7